UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Reginald McKinnon, ) | Civil Action No.: 2:21-cv-02441-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden of FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner Reginald McKinnon's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker, who recommends summarily dismissing Petitioner's 28 U.S.C. § 2241 petition without prejudice.[1] ECF Nos. 12 & 14. The Court adopts the R & R as modified herein.

### Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Court is mindful of its duty to liberally construe Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (cleaned up)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court need only review for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

In 2014, Petitioner pled guilty in this Court to conspiracy to possess with intent to distribute 280 grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. *See United States v. McKinnon*, No. 4:14-cr-00259-RBH-8 (D.S.C.), ECF Nos. 300, 311, & 314. The presentence report ("PSR") classified Petitioner as a career offender under § 4B1.1 of the Sentencing Guidelines, resulting in an advisory sentencing range of 262 to 327 months. PSR at ¶¶ 26–28, 31–32, 37. Ultimately, the Court accepted the Rule 11(c)(1)(C) agreement and sentenced Petitioner to 180 months' imprisonment.[2] *McKinnon*, at ECF Nos. 300, 421, & 436.

Petitioner is incarcerated in this District (at FCI Williamsburg) and has filed the instant § 2241

---

[2] As the Magistrate Judge notes on page seven of the R & R, Petitioner was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement but the Court deferred acceptance of the agreement until after reviewing the PSR and considering the applicable Guidelines range (i.e., the career offender enhancement). ECF No. 311; *see generally Hughes v. United States*, 138 S. Ct. 1765 (2018) (analyzing the relationship between Type-C plea agreements and the Sentencing Guidelines); *id.* at 1775 ("[A] sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement.").

habeas petition challenging his sentence.[3] ECF No. 1. Specifically, Petitioner claims he no longer qualifies as a career offender. *Id.* at pp. 4–5, 7; *see United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019) (holding a drug conspiracy offense under 21 U.S.C. § 846 is not categorically a "controlled substance offense" for purposes of U.S.S.G. § 4B1.2(b)). The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he cannot satisfy the requirements of 28 U.S.C. § 2255(e). ECF No. 12 ("R & R"). Petitioner has filed objections to the R & R. ECF No. 14 ("Pet.'s Objs.").

Section 2255(e)—known as the "savings clause"—allows a prisoner to challenge his conviction and/or sentence in a traditional writ of habeas corpus via § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention. *Young v. Antonelli*, 982 F.3d 914, 917 (4th Cir. 2020). Petitioner challenges his *sentence*, so the analysis falls under *United States v. Wheeler*:[4]

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d 415, 429 (4th Cir. 2018). "[T]he savings clause requirements are jurisdictional," and a district court must dismiss a § 2241 petition for lack of subject matter jurisdiction if the petitioner does not satisfy the *Wheeler* test. *Farkas v. Butner*, 972 F.3d 548, 551, 553 (4th Cir. 2020).

---

[3] Petitioner has filed numerous other motions in his criminal case, as summarized in the R & R.

[4] A prisoner challenging his *conviction* must satisfy the three-part savings clause test of *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

Petitioner does not satisfy *Wheeler*'s second prong because there is no indication that *Norman* or related authority has been "deemed to apply retroactively on collateral review." *See Knight v. Warden*, 2021 WL 3361698, at *10 (S.D.W. Va. Apr. 29, 2021) (reaching same result), *adopted by*, 2021 WL 3355508 (S.D.W. Va. Aug. 2, 2021). Moreover, Petitioner does not satisfy *Wheeler*'s fourth prong because a career offender designation under an ***advisory*** Guidelines scheme does not constitute a "fundamental defect." *Braswell v. Smith*, 952 F.3d 441, 450 (4th Cir. 2020) (emphasis added) (citing *United States v. Foote*, 784 F.3d 931, 932, 941 (4th Cir. 2015)); *see Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018) (same).[5] The Court must dismiss the § 2241 petition for lack of jurisdiction.[6]

## Conclusion

For the above reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS AS MODIFIED** the R & R [ECF No. 12], and **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return. **IT IS SO ORDERED.**

| | |
|---|---|
| Florence, South Carolina<br>November 17, 2021 | s/ R. Bryan Harwell<br>R. Bryan Harwell<br>Chief United States District Judge |

---

[5] *See, e.g.*, *Anderson v. Andrews*, 806 F. App'x 212, 213 (4th Cir. 2020) ("Anderson, who was sentenced [as a career offender] under an advisory Sentencing Guidelines scheme, cannot satisfy the fourth prong of *Wheeler*."); *Rollins v. Warden*, 858 F. App'x 112 (4th Cir. 2021) (same); *Grammer v. Warden*, 857 F. App'x 737 (4th Cir. 2021) (same); *Rhodes v. Saad*, 811 F. App'x 856 (4th Cir. 2020) (same); *Collier v. Hudgins*, 808 F. App'x 207, 208 (4th Cir. 2020) (same).

[6] Although Petitioner acknowledges he was *not* sentenced under a *mandatory* Guidelines scheme, he claims his career offender enhancement constitutes a fundamental defect satisfying *Wheeler*'s fourth prong. Pet.'s Objs. at pp. 1, 6–10. However, as indicated above, the United States Court of Appeals for the Fourth Circuit has squarely rejected this contention in the context of § 2241 petitions. *See Braswell* & *Lester*, *supra*.

Additionally, Petitioner argues actual innocence and objects to the Magistrate Judge's discussion of same. Pet.'s Objs. at pp. 1–6. However, "the Fourth Circuit does not require an actual innocence analysis under the savings clause." *Hahn*, 931 F.3d at 302; *see id.* at 304 (Wynn, J., concurring) ("[T]he actual innocence framework does not apply in determining whether a petitioner is entitled to pursue relief under the savings clause as a result of a statutory construction error."); *see also Rogers v. Dobbs*, No. 6:20-cv-00066-RBH, 2021 WL 267826, at *3 n.3 (D.S.C. Jan. 27, 2021) (noting *Hahn*'s rejection of an actual innocence inquiry). The Court declines to adopt that portion of the R & R discussing actual innocence.

4